IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:05CV240

| | |
|---|---|
| THE HICKORY SPRINGS RETIREMENT PLAN and THE HICKORY SPRINGS INVESTMENT SAVINGS PLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>LYNWOOD J. ANDREWS, THE ESTATE OF PAULA M. ANDREWS (and its Administrator, Lynwood J. Andrews), and G.C. MEDLEY, JR.,<br><br>    Defendants. | ORDER |

**THIS MATTER** is before the Court on Donald W. Medley's Motion for Leave to Appear Pro Hac Vice and for Special Admission, filed April 10, 2006.

On August 24, 2005, Plaintiffs filed a Complaint for Interpleader based on conflicting claims by Defendants for finite proceeds held by Plaintiffs.[1] (Compl. ¶ 30). Plaintiffs sought to deposit with the Court the sum of $90,114.62 for the benefit of the claimants, conditioned upon an appropriate order of interpleader being issued by this Court that would determine eligibility to the proceeds and would release and discharge Plaintiffs from the risk of multiple liability. (Compl. ¶ 37). On November 3, 2005, because Defendants had not answered Plaintiffs'

---

[1] The proceeds held by Plaintiffs are a result of benefits earned by Paula M. Andrews during her employment with Hickory Springs Manufacturing Company. (Compl. ¶ 13). Paula M. Andrews died on November 21, 2003. (*Id.* ¶ 14). Now, Defendant Lynwood Andrews claims these benefits in his personal capacity as the named beneficiary. (*Id.* ¶ 20). However, Donald Medley, attorney for the Estate of Paula M. Andrews and the brother of Ms. Andrews, claims these benefits on behalf of the Estate based on Mr. Andrews' waiver of his right to benefits under the Plans in the divorce decree between Mr. and Mrs. Andrews. (*Id.* ¶ 21).

1

Complaint or otherwise appeared in this matter, Plaintiffs filed a Motion for Entry of Default. The Clerk granted Plaintiffs' Motion for Entry of Default on November 3, 2005. Subsequently, on February 20, 2006, Plaintiffs filed an Amended Motion for Default Judgment. On March 21, 2006, this Court granted default judgment in favor of Plaintiffs. In addition to other terms, the default judgment ordered Plaintiffs to pay to the Clerk of Court the account and benefit of the deceased Paula Andrews in the Retirement Plan and Savings Plan. The Court additionally allowed Defendants to interplead any claims they may have against the Plans and discharged Plaintiffs from any further liability or involvement in this litigation. Moreover, Defendants were permanently enjoined from filing suit or otherwise seeking recovery against Plaintiffs on the basis of the proceeds in dispute in this action. Plaintiffs were awarded costs and attorneys' fees in an amount of $9,857.00.

Donald W. Medley, attorney for the Estate of Paula M. Andrews, now seeks special admission to appear in this particular case. Mr. Medley is long-standing counsel of record for the Estate of Paula M. Andrews. Defendants are residents of the State of Mississippi, and retaining counsel in North Carolina would present a hardship. Mr. Medley was admitted to appear before the Mississippi Supreme Court on December 1, 1981, and is in good standing.

This Court permits special admission in limited circumstances. (L.R. 83.1(B)).

> Litigants in civil and criminal actions . . . must be represented by at least one member of the bar of this court or by an attorney admitted to practice by this court pursuant to this section. Any lawyer who is a member in good standing of the Bar of the Supreme Court of the United States or the Bar of the Supreme Court of any state in the United States may, in the discretion of the judges of this court, be permitted to appear in a particular case. If such permission is granted, and if a member of the bar of this court is not associated, said attorney and his client shall be deemed to have consented that service of all pleadings and notices may be made upon a deputy clerk in the appropriate division of this court as process

> agent. The court encourages such out-of-state attorneys to associate a member of the bar of this court in *all* cases, but will not require such association where the amount in controversy or the importance of the case does not appear to justify double employment of counsel. Special admission will be the exception and not the rule, and no out-of-state counsel will be permitted to practice frequently or regularly in this court without the association of local counsel.

(L.R. 83.1(B)). A review of the facts of this case, including the alleged amount in controversy, leads the Court to conclude that this matter does not justify double employment of counsel.

**IT IS, THEREFORE, ORDERED** that Donald M. Medley's Motion for Leave to Appear Pro Hac Vice and for Special Admission is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with Rule 83.1(B) of this Court's Local Rules of Civil Procedure, Mr. Medley is directed to pay the admission fee of ONE HUNDRED AND NO/100 DOLLARS ($100.00) to the Clerk of Court within ten (10) days from the date of the filing of this Order.

Signed: April 12, 2006

Richard L. Voorhees
Chief United States District Judge