IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV240

| | |
|---|---|
| THE HICKORY SPRINGS RETIREMENT )<br>PLAN and THE HICKORY SPRINGS )<br>INVESTMENT SAVINGS PLAN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>LYNWOOD J. ANDREWS, THE ESTATE )<br>OF PAULA M. ANDREWS (and its )<br>Administrator, Lynwood J. Andrews), and )<br>G.C. MEDLEY, JR., )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** is before the Court on the Motion to Set Aside Entry of Default, filed by Defendant The Estate of Paula M. Andrews ("the Estate") on April 13, 2006. On April 18, 2006, this Court issued an Order on its own motion, directing the Estate to file a brief in support of its Motion to Set Aside Entry of Default within ten (10) days. The Estate never filed a supporting brief as ordered by the Court. On May 12, 2006, Plaintiffs filed a Response to the Estate's Motion to Set Aside Default. This Motion is now ripe for disposition by the Court.

**I. FACTUAL AND PROCEDURAL HISTORY**

On August 24, 2005, Plaintiffs filed a Complaint for Interpleader based on conflicting claims by Defendants for finite proceeds held by Plaintiffs.[1] (Compl. ¶ 30). Plaintiffs sought to

---

[1] The proceeds held by Plaintiffs are a result of benefits earned by Paula M. Andrews during her employment with Hickory Springs Manufacturing Company. (Compl. ¶ 13). Paula M. Andrews died on November 21, 2003. (*Id.* ¶ 14). Now, Defendant Lynwood Andrews claims these benefits in his personal capacity as the named

1

deposit with the Court the sum of $90,114.62 for the benefit of the claimants, conditioned upon an appropriate order of interpleader being issued by this Court that would determine eligibility to the proceeds and would release and discharge Plaintiffs from the risk of multiple liability. (Compl. ¶ 37). On November 3, 2005, because Defendants had not answered Plaintiffs' Complaint or otherwise appeared in this matter, Plaintiffs filed a Motion for Entry of Default. The Clerk granted Plaintiffs' Motion for Entry of Default on November 3, 2005. Subsequently, on February 20, 2006, Plaintiffs filed an Amended Motion for Default Judgment.[2] On March 21, 2006, this Court granted default judgment in favor of Plaintiffs. In addition to other terms, the default judgment ordered Plaintiffs to pay to the Clerk of Court the account and benefit of the deceased Paula Andrews in the Retirement Plan and Savings Plan. The Court additionally allowed Defendants to interplead any claims they may have against the Plans and discharged Plaintiffs from any further liability or involvement in this litigation. Moreover, Defendants were permanently enjoined from filing suit or otherwise seeking recovery against Plaintiffs on the basis of the proceeds in dispute in this action. Plaintiffs were awarded costs and attorneys' fees in an amount of $9,857.00.

## II. DISCUSSION

On April 13, 2006, the Estate filed the instant Motion to Set Aside Entry of Default.[3] As noted above, despite the Court's order, the Estate did not file a brief in support of the Motion, as

---

beneficiary. (*Id.* ¶ 20). However, Donald Medley, attorney for the Estate of Paula M. Andrews and the brother of Ms. Andrews, claims these benefits on behalf of the Estate based on Mr. Andrews' waiver of his right to benefits under the Plans in the divorce decree between Mr. and Mrs. Andrews. (*Id.* ¶ 21).

[2]Plaintiffs filed their original Motion for Default Judgment on February 8, 2006.

[3]Although the Estate titles its Motion as one to set aside entry of default, since default judgment has already been entered the Court construes the Estate's Motion as requesting the Court to set aside the default judgment.

required by Local Rules 7.1 and 7.2. In the Estate's Motion, the only justification provided in support of its request to set aside the default judgment is, "[t]he Defendant has a good and valid defense to the complaint; this motion is not filed for delay, but for the sole reason that, as set out in the rules, to permit the judgement [sic] to stand would allow for an unjust result and avoid the proper administration of justice." (Def. Mot. to Set Aside Default p. 1).

"*For good cause shown* the court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c) (emphasis added). In order to obtain relief form judgment under Rule 60(b), the moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. *Park Corp. v. Lexington Insurance Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.* (citing *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984); *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). The six grounds for relief in Rule 60(b) require the moving party to show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b).

In the instant case, the Estate has failed to demonstrate any good cause for setting aside the default judgment, let alone show any of the grounds for relief set forth in Rule 60(b). Although the Court tried to be lenient with counsel for the Estate and allowed additional time for filing a brief in support of its Motion to Set Aside Default, the Court can only conclude from the Estate's failure to make such a filing that it has no basis on which to support its Motion.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant the Estate of Paula M. Andrews' Motion to Set Aside Entry of Default is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs have fourteen (14) days from the date of this Order to submit their arguments, including legal authority, and affidavit specifying their proposed attorneys' fees arising out of their Response to Defendant's Motion to Set Aside Entry of Default.

Signed: August 3, 2006

Richard L. Voorhees
United States District Judge