FILED
CHARLOTTE, NC

JUN 30 2008

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:05CV240

**THE HICKORY SPRINGS RETIREMENT PLAN and THE HICKORY SPRINGS INVESTMENT SAVINGS PLAN,**

**Plaintiffs,**

**vs.**

**LYNWOOD J. ANDREWS, THE ESTATE OF PAULA M. ANDREWS (and its Administrator, Lynwood J. Andrews), and G.C. MEDLEY, JR.,**

**Defendants.**

**FINAL JUDGMENT**

The Hickory Springs Retirement Plan and the Hickory Springs Investment Savings Plan (collectively "Plaintiffs") filed this interpleader action against Lynwood J. Andrews, the Estate of Paula M. Andrews, and G.C. Medley Jr. (collectively "Defendants"). The Plaintiffs interpled benefits from their respective plans owed to the beneficiaries of its former employee and decedent, Paula M. Andrews. The Court entered default judgment for the Plaintiffs on March 21, 2006 See Document #14. The default judgment did not address the distribution of the disputed assets.

The Court held a phone conference with all parties on December 20, 2007, to address the remaining issues in this matter.[1] During this phone conference, the Defendants, by and through their respective counsel, stipulated to the distribution of the disputed funds in accordance with the

[1]Defendant G.C. Medley, Jr. did not participate in the phone conference. However, Donald Medley, counsel for the Estate in this matter, son of G.C. Medley and brother of Paula M. Andrews, informed the Court that G.C. Medley did not object to the proposed stipulation. Since the stipulation resolves the dispute in favor of G.C. Medley, the Court will accept this notification as sufficient.

final decision of Plaintiffs' Committee, dated August 23, 2005, and attached as Exhibit 1 to this Order.[2] The Plaintiffs did not object to this agreement.

Therefore, the Court now **ORDERS, ADJUDGES, and DECREES** that:

**1)** the funds interpled by the Plaintiffs will be disbursed to the Defendants in accordance with the final letter decision of the Plaintiffs' Committee, attached to this Order as Exhibit 1. The disputed funds include a Retirement Plan, originally valued at $66,854.00, and an Investment Savings Plan, originally valued at $23,260.62 (collectively "the assets"). Furthermore, the total value of the disbursed assets shall include any interest or additional value that accrued during this action, as explained to the Court in a letter from Plaintiff's counsel, attached as Exhibit 2.[3]

**2)** nothing in this Order of Final Judgment shall limit or alter the rights of the parties with regard to the matter of Default Judgment, including the award of attorney's fees. The stipulation of the parties and this Final Judgment only determines the rights to and allocation of the disputed assets. Those assets remain subject to any award of attorneys' fees or any other Order by the Court.

---

[2]The Court understands this final decision to find that Defendant Lynwood J. Andrews, by virtue of the Property Settlement Agreement signed during his divorce from Paula M. Andrews, waived his rights and claims to the assets interpled in this action. Therefore, as the Committee found, the assets from the Savings Plan will go to Defendant G.C. Medley, Jr., and the assets of the Retirement Plan will go to the Estate of Paula M. Andrews.

[3]At the request of the Court, after the phone conference, counsel for the Plaintiffs provided a letter explaining the status of the assets. The letter states that the benefits from the Savings Plan have remained in a trust account, and thus the Court understands that this distribution will include accrued interest. The letter states that the Retirement Plan, if paid in a lump sum, will be calculated using actuarial factors to determine its present value. As such, the value of the benefit at the time of distribution will take into account the difference in value from the time it originally would have been distributed.

**SO ORDERED.**

Signed: June 30, 2008

Richard L. Voorhees

Title of Signing Officer
United States District Court



August 23, 2005

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***

Donald W. Medley, Esq.
Attorney for the Estate of Paula M. Andrews
P.O. Box 1724
Hattiesburg, Mississippi 39403-1724

Edward Priest, Esq.
Attorney for Lynwood J. Andrews
Priest, Wise and Russell
301 W. Main Street
Tupelo, Mississippi 38804

G.C. Medley, Jr.
3077 Buchanan Road
Nettleton, Mississippi 38858

Re: Appeal of Plan Administrator's Determination Regarding the Estate of Paula M. Andrews

Gentlemen:

I am writing in behalf of the Retirement Committee of Hickory Springs Manufacturing Company (the "Committee") in the Committee's capacity as a named fiduciary of the Hickory Springs Retirement Plan (the "Retirement Plan") and the Hickory Springs Investment Savings Plan (the "Savings Plan") (collectively, the "Plans"). This letter shall serve as the Committee's notification of benefit determination regarding the claims you made on behalf of your respective clients, the estate of Paula M. Andrews and Lynwood J. Andrews, to survivor benefits due with respect to Ms. Andrews under the Plans following her death.

For the reasons stated herein, the Committee has determined that the benefits under the Savings Plan should be awarded to G.C. Medley, Jr. as the secondary beneficiary under that plan, and that the benefits under the Retirement Plan should be awarded to the estate of Paula Andrews as the default beneficiary under that plan.

**Factual Background of Claims**

The Committee relied upon the following facts in reaching its conclusions. Paula Andrews was a former employee of the Company who earned benefits under both the Savings Plan and the Retirement Plan. She died on November 21, 2003, leaving a minor son, Landon Andrews. Ms. Andrews was not married at the time of her death, having divorced Lynwood Andrews prior to her death. Lynwood Andrews, as Landon's closest surviving relative, is the administrator of Paula's estate. Donald Medley, Ms. Andrews's brother and an attorney, represents Paula's estate.

Ms. Andrews filed a written beneficiary designation naming Lynwood Andrews as her primary beneficiary and G.C. Medley, Jr., her father, as her secondary beneficiary under the Savings Plan. She designated Lynwood J. Andrews as her primary beneficiary under the Retirement Plan, but did not designate a secondary beneficiary. Copies of those beneficiary designation forms are attached as Exhibits A and B, respectively. Ms. Andrews filed both beneficiary designations prior to her divorce from Lynwood Andrews, and she did not change her beneficiary designations after her divorce from Lynwood and prior to her death.

Following Ms. Andrews's death, Lynwood Andrews claimed the survivor benefits in his personal capacity under both the Retirement Plan and Savings Plan as the primary beneficiary listed on both beneficiary designation forms. Donald Medley, as counsel to Paula's estate, also asserted a claim for the benefits under the Plans seeking property of the estate. The estate claims that Mr. Andrews waived any interest that he might have in Paula's retirement plan benefits through a disclaimer in their divorce decree, a copy of which is attached as Exhibit C. Various communications have taken place between Donald Medley, Lynwood Andrews and Blake Trimble, General Counsel of the Company, acting in behalf of the Plan Administrator. A copy of each item of correspondence is attached as Exhibit D.

**Plan Administrator's Decision**

At issue is this matter is whether Ms. Andrews's beneficiary designation forms identifying Lynwood Andrews as the beneficiary of her survivor benefits are controlling, or whether the disclaimer of retirement benefits contained in their divorce decree is an effective waiver by Mr. Andrews of those benefits such that the benefits should be paid to the contingent or default beneficiary named under each Plan.

In a letter dated April 18, 2005, the Plan Administrator rendered its decision regarding the various claims to Ms. Andrews's benefits. To determine which claimant was the proper recipient of Ms. Andrews' survivor benefits under the Plans, the Plan Administrator was called upon to determine whether the divorce decree between Lynwood and Paula Andrews was an effective waiver by Lynwood of his interest in Paula's benefits under the Plans. The Plan Administrator determined that the divorce decree language providing that "[b]oth parties waive any future claim

for alimony, support or *interest in pension plans, profit sharing* or other assets belonging to the other," Property Settlement Agreement, ¶7 (July 10, 2002) (emphasis added), was sufficiently clear to waive Mr. Andrews's interest in Ms. Andrews's retirement benefits and awarded survivor benefits to Mr. G.C. Medley, as secondary beneficiary under the Savings Plan, and to Ms. Andrews' estate as default beneficiary under the Retirement Plan.

**Appeal of the Plan Administrator's Decision**

As required by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the claimants were informed of their right to request a review of the Plan Administrator's decision by the entire Committee. On June 16, 2005, the Committee received a request for review of the Plan Administrator's decision from Edwin H. Priest, attorney for Lynwood Andrews. A copy of Mr. Priest's letter is attached as Exhibit E. In his letter to the Committee, Mr. Priest specifically cited the U.S. Supreme Court's decision in *Egelhoff v. Egelhoff*, 532 U.S. 141 (2001), as controlling precedent in the instant matter.

On Thursday, August 18, 2005, the Committee met to review the decision of the Plan Administrator with respect to the various claimants of the benefits of Paula M. Andrews. The Committee undertook a *de novo* review of the claims and did not rely on the Plan Administrator's decision in making its determination. In conducting its review and arriving at its decision, the Committee took into consideration comments, documents, records and other information submitted by the claimants relating to the claim, including but not limited to the June 15, 2005 letter from Mr. Priest.

In its process of reviewing the Plan Administrator's decision, the Committee had before it the Retirement Plan, which contains the following provision:

> 4.4.2 "Beneficiary" means the surviving spouse or other beneficiary of the participant, as determined pursuant to this Section 4.4.2. If a participant has no spouse or makes a qualified election for his beneficiary to be other than his spouse, such participant may designate a beneficiary (which may include more than one person, natural or otherwise, and one or more contingent beneficiaries), or change or revoke a beneficiary designation at any time before he dies, by filing a written election with the Committee. Such beneficiary shall be entitled to a death benefit following the participant's death. If a participant dies before designating a beneficiary, his beneficiary shall be his surviving spouse or, if he has no surviving spouse, his estate. If a beneficiary receives or is entitled to receive payments from the plan and dies before receiving all payments due him, the remaining payments shall be made to the contingent beneficiary, if any. If there is no contingent beneficiary, the remaining payments shall be made to the estate of the beneficiary.

In addition, the Committee had before it the Savings Plan, which contains the following provision:

> 8.01 BENEFICIARY DESIGNATION. A Participant from time to time may designate, in writing, any person(s) (including a trust or other entity), contingently or successively, to whom the Trustee will pay the Participant's Vested Account Balance (including any life insurance proceeds payable to the Participant's Account) in the event of death. A Participant also may designate the form and method of payment of his/her Account. The Plan Administrator will prescribe the form for the Participant's written designation of Beneficiary and, upon the Participant's filing the form with the Plan Administrator, the form effectively revokes all designations filed prior to that date by the same Participant. A divorce decree, or a decree of legal separation, revokes the Participant's designation, if any, of his/her spouse as his/her Beneficiary under the Plan unless: (1) the decree or a QDRO provides otherwise; or (2) the Employer provides otherwise in an Addendum to its Adoption Agreement. The foregoing revocation provision (if applicable) applies only with respect to a Participant whose divorce or legal separation becomes effective on or following the date the Employer executes this Plan, unless the Employer in its Adoption Agreement specifies a different effective date.

**Committee's Decision**

The Committee has determined that this matter is controlled by the decisions of the United States Court of Appeals for the Fourth Circuit in *Graef v. Retirement Income Plan for Employees of Albemarle Corporation*, 1998 WL 879687 (4th Cir. 1998) and *Estate of Altobelli v. International Business Machines Corp.*, 77 F.3d 78 (4th Cir. 1995). *See also Manning v. Hayes*, 2121 F.3d 866 (5th Cir. 2000); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321 (5th Cir. 1994). In the *Graef* and *Altobelli* decisions, the Fourth Circuit held that waivers of rights to benefits in a divorce decree will be upheld where the decree demonstrates a clear intent to relinquish all interests in the plan through a specific and voluntary waiver. Likewise, in the *Manning* and *Brandon* decisions cited above, the Fifth Circuit stated that such waivers would be upheld where they are explicit, voluntary, and in good faith. In the present case, the divorce decree between Lynwood and Paula Andrews states that "[b]oth parties waive any future claim for alimony, support or interest in *pension plans, profit sharing* or other assets belonging to the other." Property Settlement Agreement, 7 (July 10, 2002) (emphasis added). Based on the *Altobelli* and *Graef* decisions, this language is a specific and voluntary waiver of Mr. Lynwood Andrews's interest in Ms. Andrews's retirement benefits. In addition, under the *Manning* and *Brandon* decisions, the available evidence shows that the waiver contained in the divorce decree is explicit, voluntary and was made in good faith.

Based on the above legal authority, factual information and determinations, and taking into account comments, documents, records and other information submitted by the claimants relating to their claims, the Committee finds that Lynwood Andrews waived his right to any benefits of Paula Andrews. Therefore, the Committee awards survivor benefits to Mr. G.C. Medley, as secondary beneficiary under the Savings Plan, and to Ms. Andrews' estate as default beneficiary under the Retirement Plan.

In making its decision, the Committee has considered the decision of the U.S. Supreme Court in *Egelhoff v. Egelhoff*, 121 S.Ct. 1322 (2001). In that case, the decedent, Mr. Egelhoff, designated his then-spouse as his beneficiary under an ERISA-governed life insurance policy and a pension plan. The participant and spouse subsequently divorced. Under Washington law, a beneficiary designation naming a former spouse was automatically revoked unless the designation was re-affirmed after the divorce. Mr. Eglehoff did not re-affirm his designation of his ex-spouse after the divorce. He died in an auto accident a few months after the divorce. The U.S. Supreme Court ruled that the Washington law revoking the ex-spouse designation was preempted by ERISA and, therefore, the ex-spouse, as the beneficiary designated under the terms of the life insurance policy and pension plan, was entitled to the benefits.

The *Egelhoff* decision is distinguishable from the present facts. The *Egelhoff* case involved a state law that required a plan administrator to ignore a beneficiary designation that neither party (the deceased participant and the named beneficiary) indicated he wished to change. The divorce decree in the present matter, however, is not a state law, but rather is a valid contract that was voluntarily entered into by the beneficiary (Lynwood Andrews) and the former participant (Ms. Andrews) on the advice of counsel. As noted above, existing precedent in both the Fourth and Fifth Circuits provides that a beneficiary may waive his or her right to benefits.

This understanding of the *Egelhoff* decision in the context of waivers of benefits in divorce decrees has been upheld by several court that have considered the issue. In *Metropolitan Life Ins. Co. v. Palmer*, 238 F.Supp.2d 821 (E.D. Tex. 2002), the United States District Court for the Eastern District of Texas determined that a former spouse could waive his interest in an ERISA-covered plan by means of a divorce decree. Similarly, in *Keen v. Weaver*, 121 S.W.3d 721 (Tex. 2003), the Supreme Court of Texas held that a former wife of a participant waived her interest in the deceased participant's ERISA plan benefits where she executed a knowing, voluntary waiver as part of their divorce settlement. Finally, in *Melton v. Melton*, 324 F.3d 941 (7th Cir. 2003), the Seventh Circuit Court of Appeals determined that non-participant beneficiaries can waive their interests in ERISA plans provided that the waiver is explicit.

The Committee has been informed that the claimants to these benefits currently maintain an adversarial nature toward each other. In addition, while the Committee believes that its determination herein is correct, it also recognizes that persons may differ as to their interpretation of the current legal authority governing the claim. For these reasons, and to ensure that the benefits under the Plans are provided to the correct beneficiaries, the Committee has authorized

Blake Trimble, the Company's General Counsel, in behalf of the Plans and the Committee, to pursue appropriate legal action as necessary, including the filing of an interpleader action against the various claimants to Ms. Andrews's benefits.

Please note that you are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to your claims for benefits. You have a right to bring an action for benefits in court under section 502 of ERISA.

Thank you for your assistance with this matter.

Very truly yours,

Blake W. Trimble
General Counsel
Acting in Behalf of the Committee

BWT:mc
attachments
cc: Ms. Kay B. Weaver (w/o exhibits)

**PRIEST & WISE, PLLC**
**ATTORNEYS AT LAW**

EDWIN H. PRIEST

301 WEST MAIN STREET
POST OFFICE BOX 46
TUPELO, MISSISSIPPI 38802-0046
(662) 842-4656
(662) 842-4855 (FAX)

A. RHETT WISE

VIA FACSIMILE ONLY
April 6, 2007

Honorable Don Medley
902 West Pine Street
Hattiesburg, Mississippi 39401

RE: Hickory Springs v. Andrews et al. United States District of North Carolina, Cause Number 5:05CV240-V

Dear Don:

Please accept this correspondence as my recollection of the conversations and time frames between ourselves and Blake Trimble with regard to the above matter. As you are aware, I filed correspondence on June 15, 2005 requesting the Retirement Committee of Hickory Springs Manufacturing Company to review the April 28, 2005 Plan Administrator's decision. Thereafter, I received correspondence dated July 13 2005 from Hickory Springs' general counsel Blake Trimble stating that the Retirement Committee's decision in all probability would be forthcoming on or before August 23, 2005.

After receipt of the July 13, 2005 correspondence, you and I agreed that regardless of the Committee's decision that from an economic as well as logistics standpoint it would not be beneficial or prudent to contest the beneficiary designation further. In other words, we both agreed to be bound by the Retirement Committee's decision. During the same time period, I spoke with Blake Trimble and informed him of our decision. I am not certain of the exact date or dates but I do know that it was well before August 24, 2005. It is my understanding that you had substantially the same conversation with Mr. Trimble.

On or about August 25, 2005 I received correspondence from Blake Trimble advising of the Committee's decision. Likewise, I spoke by telephone with Mr. Trimble on August 25, 2005 wherein I was informed that in the instant matter an interpleader had been filed with the United States District Court of North Carolina

The interpleader was not necessary. The agreement between the Estate of Paula Andrews, the Guardianship of Landon Andrews and your father was timely communicated to Mr. Trimble. Consequently, it is the position of the Estate of Paula Andrews and the Guardianship of Landon Andrews that any costs including attorney's fees related to the interpleader should be borne solely by Hickory Springs Manufacturing Company.

Sincerely,

Edwin H. Priest



One Wachovia Center
Suite 3500
301 South College Street
Charlotte, NC 28202-6037

Telephone: (704) 331-4900
Fax: (704) 331-4955
Web site: www.wcsr.com

Bryan L. Tyson
Direct Dial: (704) 331-4973
Direct Fax: (704) 338-7804
E-mail: btyson@wcsr.com

January 11, 2008

Hon. Richard L. Voorhees
U.S. District Judge
Western District of North Carolina
250 Charles R. Jonas Federal Bldg
401 West Trade Street
Charlotte, NC 28202

Re: *The Hickory Springs Retirement Plan and the Hickory Springs Investment Savings Plan vs. Lynwood J. Andrews, The Estate of Paula M. Andrews (and its Administrator, Lynwood J. Andrews), and G.C. Medley, Jr.*, Civil Action No. 5:05CV240-V

Your Honor:

This letter responds to an inquiry I received from your law clerk, Mr. Joseph Folio, regarding the status of the retirement funds of Paula Andrews in the Hickory Springs Investment Savings Plan (the "Savings Plan") and Hickory Springs Retirement Plan (the "Pension Plan") (the Pension Plan and Savings Plan are sometimes referred to herein collectively as the "Plans"). After our conference call with opposing counsel on Thursday, December 20, Mr. Folio called our office and requested that we report to you on the current location and status of the funds in the Plans.

The Savings Plan is a defined contribution plan under which Ms. Andrews has an account. After the Court's March 21, 2006 Order ("Order"), the funds were transferred to a transitional account in preparation for payment pursuant to the Court's Order, in accordance with the normal trustee practices for payment of benefits from the Savings Plan. However, after The Estate of Paula Andrews filed its Motion to Set Aside Entry of Default and its Response to Complaint for Interpleader on April 13, 2006, the further processing of the Savings Plan funds were stopped until a final resolution of this matter was made by the Court. At this time the funds remain in the transition account, pursuant to the trustee's normal trust policy, pending final direction from the Court as to payment. Ms. Andrew's account will be valued for distribution as of the date the Court orders that a distribution be made.

By contrast, the Pension Plan is a defined benefit plan under which a participant has an accrued benefit rather than an individual account. A participant's accrued benefit is expressed as a promise to pay a benefit in the form of a single life annuity (*i.e.*, in monthly installments for the






participant's life commencing at the participant's normal retirement age). However, in certain circumstances, such as upon the participant's death prior to retirement eligibility, the Plan pays a survivor benefit to the participant's surviving spouse or designated beneficiary. The amount of the survivor benefit is determined by reference to the participant's accrued benefit at the time of the participant's death. The survivor benefit may be converted to a lump sum amount using actuarial factors contained in the Plan. Therefore, while the Pension Plan technically does not credit interest to the survivor benefit, the later the benefit is paid, the smaller the effect of the present value discount on the amount of the lump sum that is payable. Ms. Andrew's survivor benefit remains payable by the Pension Plan as a lump sum present value, with the amount to be determined by the Plan's actuary as of the date the Court orders that a distribution be made.

The funds in the Pension Plan have remained in that plan and the funds in the Savings Plan have remained in the transition account so that any special distribution options that may be available to the ultimate beneficiaries of the Plans under the various provisions of the Internal Revenue Code remain available, pending final direction from the Court as to payment.

We hope this information satisfactorily responds to your inquiry.

Sincerely,

**WOMBLE CARLYLE SANDRIDGE & RICE**
***A Professional Limited Liability Company***

Bryan L. Tyson

BT:cha

cc: William R. Whitehurst, Esq.
Blake W. Trimble, Esq.
Donald Medley, Esq.
Edwin Priest, Esq.
Mr. Joseph Folio, Law Clerk to The Honorable Richard L. Voorhees